## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| FELIX FERNANDEZ, *et al.*, | ) | CASE NO. 1: 11 CV 1220 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| DEEGAN MANAGEMENT, INC., *et al.*, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter comes before the Court upon Defendants' Motion for Summary Judgment. (ECF #36). Plaintiffs filed a Brief in Opposition (ECF # 39), and Defendants filed a Reply in support of their motion. (ECF #40). The Court has thoroughly considered the entire record before it and, applying the appropriate standard of review, finds that Defendants' Motion should be DENIED.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. It is with these standards in mind that the instant Motions must be decided.

Plaintiffs' Complaint raises allegations that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay them minimum wage and appropriate overtime payments for work performed.  Defendants' Motion for Summary Judgment relies on their contention that this Court lacks jurisdiction to decide the allegations in Plaintiffs' Complaint.  Defendants claim that Plaintiffs are not individuals working in interstate commerce; that neither Deegan Management, Inc., nor R. Todd Deegan are enterprises engaged in interstate commerce; and, that none of the Plaintiffs have an employment relationship with  R. Todd Deegan or Meadowood Associates.  As such, they argue that the FLSA does not apply and this Court has no jurisdiction to resolve Plaintiffs' Complaint.

To establish jurisdiction for an overtime violation under the FLSA, the plaintiff must show either individual coverage or enterprise coverage.  *Guzman v. Irmadan, Inc.*, 551 F.Supp.2d 1368, 1370 (S.D. Fla. 2008).  Individual coverage is established if the employee was engaged in commerce or the production of goods for commerce.  *Id*. ; 29 U.S.C. § 207(a)(1).  An individual's participation must be direct participation in the movement of persons or things in interstate commerce, working for an instrumentality of interstate commerce, or by regular use of the instrumentalities of interstate commerce, such as regular and recurrent use of telephones, telegraph, mails or travel.  *See, Id*.;  *Thorne v. All Restoration Services, Inc*., 448 F.3d 1264, 1266 (11th Cir. 2006).   Enterprise coverage is established if the subject enterprise has employees in commerce or in the production of goods in commerce and it's gross volume of sales made or business done is not less than $500,000.00.  *See, Guzman*, 551 F.Supp.2d 1370; 29 U.S.C. § 203(s).[1]

---

[1]  Defendants do not cite any law from the Sixth Circuit on these or any other standards established under the FLSA.  Plaintiffs, however, do not dispute these standards or otherwise

There is no evidence that the Plaintiffs qualify for coverage under the FLSA under the individual coverage standards.  They worked provided general services in landscaping, maintenance, and general repairs at local apartment complexes.  Although they undoubtedly handled products that had previously traveled in interstate commerce when fulfilling their job responsibilities, there is no evidence that they, themselves, ever directly participated in the transport of goods in interstate commerce, or engaged in the regular use of instrumentalities of interstate commerce through their job.  Further, there are no allegations that the Defendants were businesses that acted as instrumentalities of interstate commerce (i.e. they were not in the transportation or communications industries or otherwise directly involved in interstate commerce).

Plaintiffs, however, have presented at least some evidence to support their contention that they qualify for coverage under the enterprise coverage standards.  Defendants have not contested that the Meadowood Park Associations are enterprises engaged in interstate commerce, nor that the gross rents received from Meadowood Park Associates LLC Number One exceeded $673,000 in 2009.  Defendants do argue, however, that Plaintiffs were not employed by Meadowood Park, but rather worked only for Deegan Management, Inc..  They further argue that Deegan Management, Inc.'s gross rents in 2008-2010 amounted to only $173,000, well under the jurisdiction threshold of the FLSA.

Although the evidence presented shows that Deegan Management was the direct employer of the Plaintiffs, the FLSA jurisdictional amounts apply not just to the direct employer, but to an enterprise that has employees who would be subject to the act.  An "enterprise" is

---

contest the accuracy or applicability of the citations and standards set forth in Defendants' briefs.

defined as "related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units . . . ." 29 U.S.C. §203(r)(1). Defendants have not disputed that Plaintiffs worked on the properties owned by all named Defendants; that Todd Deegan is the sole owner and member of all the entities listed as Defendants; and that the website for Deegan Management (the admitted direct employer of the Plaintiffs) states that all of the properties owned by all listed Defendants are owned and managed by Deegan Management. It, therefore, appears that the Defendants do constitute a single business enterprise as one individual owns, manages and operates all of the various businesses, the businesses are clearly interrelated with Deegan Management providing management services for all of the others, and Deegan Management holds itself out on its own website as the owner of all of the properties, including those officially incorporated under other names.

As there is evidence that Deegan Management, Inc. and Meadowood Park Association constitute a single enterprise for purposes of the FLSA; that Todd Deegan is the sole owner and member of the enterprise; that at least one member of the enterprise is sufficiently engaged in interstate commerce; that the combined revenues of the members of the enterprise clearly exceed the jurisdictional threshold of the FLSA; and, that the Plaintiffs were employed by a member of the enterprise, this Court finds that the jurisdictional requirements of the FLSA are present in this case, and Defendants' Motion for Summary Judgment should, therefore, be denied.

In conclusion, based upon a thorough review of the relevant law, the briefs submitted by

4

the parties, and the materials submitted in support thereof, the Court finds that Plaintiffs have established jurisdiction in this Court under the FLSA. Accordingly, Defendants' Motion for Summary Judgment (ECF # 36) is DENIED. A trial date shall be established at the next scheduled status conference on May 10, 2012. IT IS SO ORDERED.

    /s/ Donald C. Nugent
    DONALD C. NUGENT
    United States District Judge

DATED: May 2, 2012